

**U.S. Department of Justice**

Office of Justice Programs

---

Office of the Assistant Attorney General          *Washington, D.C. 20531*

October 1, 2018

Chief Michael J. Geier
City of Albuquerque Police Department
400 Roma NW
Albuquerque, NM 87102

Dear Chief Geier:

On behalf of Attorney General Jefferson Sessions III, it is my pleasure to inform you that the Office of Justice Programs has approved your application for funding under the FY 18 Local Law Enforcement Crime Gun Intelligence Center Integration Initiative in the amount of $452,108 for City of Albuquerque Police Department.

Enclosed you will find the Grant Award and Special Conditions documents. This award is subject to all administrative and financial requirements, including the timely submission of all financial and programmatic reports, resolution of all interim audit findings, and the maintenance of a minimum level of cash-on-hand. Should you not adhere to these requirements, you will be in violation of the terms of this agreement and the award will be subject to termination for cause or other administrative action as appropriate.

If you have questions regarding this award, please contact:

- Program Questions, Joseph Husted, Program Manager at (202) 353-4411; and

- Financial Questions, the Office of the Chief Financial Officer, Customer Service Center (CSC) at
  (800) 458-0786, or you may contact the CSC at ask.ocfo@usdoj.gov.

Congratulations, and we look forward to working with you.

Sincerely,

Matt Dummermuth
Principal Deputy Assistant Attorney General

Enclosures

**EXHIBIT H**          **Page 1 of 23**



# OFFICE FOR CIVIL RIGHTS

Office of Justice Programs

U.S. Department of Justice

810 7th Street, NW
Washington, DC 20531

Tel: (202) 307-0690
TTY: (202) 307-2027
E-mail: askOCR@usdoj.gov
Website: www.ojp.usdoj.gov/ocr

---

**OCR Letter to All Recipients**

October 1, 2018

Chief Michael J. Geier
City of Albuquerque Police Department
400 Roma NW
Albuquerque, NM 87102

Dear Chief Geier:

Congratulations on your recent award. In establishing financial assistance programs, Congress linked the receipt of federal funding to compliance with federal civil rights laws. The Office for Civil Rights (OCR), Office of Justice Programs (OJP), U.S. Department of Justice (DOJ) is responsible for ensuring that recipients of financial assistance from the OJP, the Office of Community Oriented Policing Services (COPS), and the Office on Violence Against Women (OVW) comply with the applicable federal civil rights laws. We at the OCR are available to help you and your organization meet the civil rights requirements that come with DOJ funding.

**Ensuring Access to Federally Assisted Programs**

Federal laws that apply to recipients of financial assistance from the DOJ prohibit discrimination on the basis of race, color, national origin, religion, sex, or disability in funded programs or activities, not only in employment but also in the delivery of services or benefits. A federal law also prohibits recipients from discriminating on the basis of age in the delivery of services or benefits.

In March of 2013, President Obama signed the Violence Against Women Reauthorization Act of 2013. The statute amends the Violence Against Women Act of 1994 (VAWA) by including a nondiscrimination grant condition that prohibits discrimination based on actual or perceived race, color, national origin, religion, sex, disability, sexual orientation, or gender identity. The new nondiscrimination grant condition applies to certain programs funded after October 1, 2013. The OCR and the OVW have developed answers to some frequently asked questions about this provision to assist recipients of VAWA funds to understand their obligations. The Frequently Asked Questions are available at https://ojp.gov/about/ocr/vawafaqs.htm.

**Enforcing Civil Rights Laws**

All recipients of federal financial assistance, regardless of the particular funding source, the amount of the grant award, or the number of employees in the workforce, are subject to prohibitions against unlawful discrimination. Accordingly, the OCR investigates recipients that are the subject of discrimination complaints from both individuals and groups. In addition, based on regulatory criteria, the OCR selects a number of recipients each year for compliance reviews, audits that require recipients to submit data showing that they are providing services equitably to all segments of their service population and that their employment practices meet equal opportunity standards.

**Providing Services to Limited English Proficiency (LEP) Individuals**

In accordance with DOJ guidance pertaining to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, recipients of federal financial assistance must take reasonable steps to provide meaningful access to their programs and activities for persons with limited English proficiency (LEP).  See U.S. Department of Justice, Guidance to Federal Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons, 67 Fed. Reg. 41,455 (2002).  For more information on the civil rights responsibilities that recipients have in providing language services to LEP individuals, please see the website https://www.lep.gov.

**Ensuring Equal Treatment of Faith-Based Organizations and Safeguarding Constitutional Protections Related to Religion**

The DOJ regulation, Partnerships with Faith-Based and Other Neighborhood Organizations, 28 C.F.R. pt. 38, updated in April 2016, prohibits all recipient organizations, whether they are law enforcement agencies, governmental agencies, educational institutions, houses of worship, or faith-based organizations, from using financial assistance from the DOJ to fund explicitly religious activities.  Explicitly religious activities include worship, religious instruction, or proselytization.  While funded organizations may engage in non-funded explicitly religious activities (e.g., prayer), they must hold them separately from the activities funded by the DOJ, and recipients cannot compel beneficiaries to participate in them.  The regulation also makes clear that organizations participating in programs funded by the DOJ are not permitted to discriminate in the provision of services on the basis of a beneficiary's religion, religious belief, a refusal to hold a religious belief, or a refusal to attend or participate in a religious practice.  Funded faith-based organizations must also provide written notice to beneficiaries, advising them that if they should object to the religious character of the funded faith based organization, the funded faith-based organization will take reasonable steps to refer the beneficiary to an alternative service provider.  For more information on the regulation, please see the OCR's website at https://ojp.gov/about/ocr/partnerships.htm.

SAAs and faith-based organizations should also note that the Omnibus Crime Control and Safe Streets Act (Safe Streets Act) of 1968, as amended, 34 U.S.C. § 10228(c); the Victims of Crime Act of 1984, as amended, 34 U.S.C. § 20110(e); the Juvenile Justice and Delinquency Prevention Act of 1974, as amended, 34 U.S.C. § 11182(b); and VAWA, as amended,
34 U.S.C. § 12291(b)(13), contain prohibitions against discrimination on the basis of religion in employment.  Despite these nondiscrimination provisions, the DOJ has concluded that it may construe the Religious Freedom Restoration Act (RFRA) on a case-by-case basis to permit some faith-based organizations to receive DOJ funds while taking into account religion when hiring staff, even if the statute that authorizes the funding program generally forbids recipients from considering religion in employment decisions.  Please consult with the OCR if you have any questions about the regulation or the application of RFRA to the statutes that prohibit discrimination in employment.

**Using Arrest and Conviction Records in Making Employment Decisions**

The OCR issued an advisory document for recipients on the proper use of arrest and conviction records in making hiring decisions.  See Advisory for Recipients of Financial Assistance from the U.S. Department of Justice on the U.S. Equal Employment Opportunity Commission's Enforcement Guidance: *Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964 (June 2013)*, available at https://ojp.gov/about/ocr/pdfs/UseofConviction_Advisory.pdf.  Recipients should be mindful that the misuse of arrest or conviction records to screen either applicants for employment or employees for retention or promotion may have a disparate impact based on race or national origin, resulting in unlawful employment discrimination.  In light of the Advisory, recipients should consult local counsel in reviewing their employment practices.  If warranted, recipients should also incorporate an analysis of the use of arrest and conviction records in their Equal Employment Opportunity Plans (EEOPs) (see below).

**Complying with the Safe Streets Act**

An organization that is a recipient of financial assistance subject to the nondiscrimination provisions of the Safe Streets Act, must meet two obligations: (1) complying with the federal regulation pertaining to the development of an EEOP (see 28 C.F.R. pt. 42, subpt. E) and (2) submitting to the OCR findings of discrimination (see 28 C.F.R. §§ 42.204(c), .205(c)(5)).

**Meeting the EEOP Requirement**

An EEOP is a comprehensive document that analyzes a recipient's relevant labor market data, as well as the recipient's employment practices, to identify possible barriers to the participation of women and minorities in all levels of a recipient's workforce.  As a recipient of DOJ funding, you may be required to submit an EEOP Certification Report or an EEOP Utilization Report to the OCR.  For more information on whether your organization is subject to the EEOP requirements, see https://ojp.gov/about/ocr/eeop.htm.  Additionally, you may request technical assistance from an EEOP specialist at the OCR by telephone at (202) 616-1771 or by e-mail at EEOPforms@usdoj.gov.

**Meeting the Requirement to Submit Findings of Discrimination**

If in the three years prior to the date of the grant award, your organization has received an adverse finding of discrimination based on race, color, national origin, religion, or sex, after a due-process hearing, from a state or federal court or from a state or federal administrative agency, your organization must send a copy of the finding to the OCR.

**Ensuring the Compliance of Subrecipients**

SAAs must have standard assurances to notify subrecipients of their civil rights obligations, written procedures to address discrimination complaints filed against subrecipients, methods to monitor subrecipients' compliance with civil rights requirements, and a program to train subrecipients on applicable civil rights laws.  In addition, SAAs must submit to the OCR every three years written Methods of Administration (MOA) that summarize the policies and procedures that they have implemented to ensure the civil rights compliance of subrecipients.  For more information on the MOA requirement, see https://ojp.gov/funding/Explore/StateMethodsAdmin-FY2017update.htm.

If the OCR can assist you in any way in fulfilling your organization's civil rights responsibilities as a recipient of federal financial assistance, please contact us.

Sincerely,

Michael L. Alston
Director

cc:   Grant Manager
        Financial Analyst

U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**Grant**

PAGE 1   OF 16

| | |
|---|---|
| 1. RECIPIENT NAME AND ADDRESS (Including Zip Code)<br><br>City of Albuquerque Police Department<br>400 Roma NW<br>Albuquerque, NM 87102 | 4. AWARD NUMBER:     2018-DG-BX-0009 |
| | 5. PROJECT PERIOD: FROM     10/01/2018   TO   09/30/2021<br><br>BUDGET PERIOD: FROM     10/01/2018   TO   09/30/2021 |

| | | |
|---|---|---|
| 2a. GRANTEE IRS/VENDOR NO.<br>856000112 | 6. AWARD DATE     10/01/2018 | 7. ACTION |
| | 8. SUPPLEMENT NUMBER<br>00 | Initial |
| 2b. GRANTEE DUNS NO.<br>781549340 | 9. PREVIOUS AWARD AMOUNT | $ 0 |
| 3. PROJECT TITLE<br>City of Albuquerque Crime Gun Intelligence Center (COA CGIC) | 10. AMOUNT OF THIS AWARD | $ 452,108 |
| | 11. TOTAL AWARD | $ 452,108 |

12. SPECIAL CONDITIONS

THE ABOVE GRANT PROJECT IS APPROVED SUBJECT TO SUCH CONDITIONS OR LIMITATIONS AS ARE SET FORTH
ON THE ATTACHED PAGE(S).

13. STATUTORY AUTHORITY FOR GRANT

This project is supported under FY18(BJA - JAG Reserved Funds Award - Crime Gun Intelligence Ctr Integration) Title I of Public Law 90-351 (generally codified at 34 USC ch. 101), including section 506 (codified at 34 USC 10157); see also 28 USC 530C(a)

14 . CATALOG OF DOMESTIC FEDERAL ASSISTANCE (CFDA Number)

16.738 - Edward Byrne Memorial Justice Assistance Grant Program

15. METHOD OF PAYMENT

GPRS

| AGENCY APPROVAL | GRANTEE ACCEPTANCE |
|---|---|
| 16. TYPED NAME AND TITLE OF APPROVING OFFICIAL<br><br>Matt Dummermuth<br><br>Principal Deputy Assistant Attorney General | 18. TYPED NAME AND TITLE OF AUTHORIZED GRANTEE OFFICIAL<br><br>Michael J. Geier<br>Chief |
| 17. SIGNATURE OF APPROVING OFFICIAL<br><br>*Matt Dummermuth* | 19. SIGNATURE OF AUTHORIZED RECIPIENT OFFICIAL     19A. DATE |

| AGENCY USE ONLY | |
|---|---|

20. ACCOUNTING CLASSIFICATION CODES

| FISCAL<br>YEAR | FUND<br>CODE | BUD.<br>ACT. | OFC. | DIV.<br>REG. | SUB. | POMS | AMOUNT |
|---|---|---|---|---|---|---|---|
| X | B | DG | 80 | 00 | 00 | | 452108 |

21.  TDGUGT0987

OJP FORM 4000/2 (REV. 5-87) PREVIOUS EDITIONS ARE OBSOLETE.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  2  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

1.  Requirements of the award; remedies for non-compliance or for materially false statements

    The conditions of this award are material requirements of the award.  Compliance with any certifications or assurances submitted by or on behalf of the recipient that relate to conduct during the period of performance also is a material requirement of this award.

    Failure to comply with any one or more of these award requirements -- whether a condition set out in full below, a condition incorporated by reference below, or a certification or assurance related to conduct during the award period -- may result in the Office of Justice Programs ("OJP") taking appropriate action with respect to the recipient and the award.  Among other things, the OJP may withhold award funds, disallow costs, or suspend or terminate the award.  The Department of Justice ("DOJ"), including OJP, also may take other legal action as appropriate.

    Any materially false, fictitious, or fraudulent statement to the federal government related to this award (or concealment or omission of a material fact) may be the subject of criminal prosecution (including under 18 U.S.C. 1001 and/or 1621, and/or 34 U.S.C. 10271-10273), and also may lead to imposition of civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. 3729-3730 and 3801-3812).

    Should any provision of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law.  Should it be held, instead, that the provision is utterly invalid or -unenforceable, such provision shall be deemed severable from this award.

2.  Applicability of Part 200 Uniform Requirements

    The Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by DOJ in 2 C.F.R. Part 2800 (together, the "Part 200 Uniform Requirements") apply to this FY 2018 award from OJP.

    The Part 200 Uniform Requirements were first adopted by DOJ on December 26, 2014.  If this FY 2018 award supplements funds previously awarded by OJP under the same award number (e.g., funds awarded during or before December 2014), the Part 200 Uniform Requirements apply with respect to all funds under that award number (regardless of the award date, and regardless of whether derived from the initial award or a supplemental award) that are obligated on or after the acceptance date of this FY 2018 award.

    For more information and resources on the Part 200 Uniform Requirements as they relate to OJP awards and subawards ("subgrants"), see the OJP website at https://ojp.gov/funding/Part200UniformRequirements.htm.

    Record retention and access:  Records pertinent to the award that the recipient (and any subrecipient ("subgrantee") at any tier) must retain -- typically for a period of 3 years from the date of submission of the final expenditure report (SF 425), unless a different retention period applies -- and to which the recipient (and any subrecipient ("subgrantee") at any tier) must provide access, include performance measurement information, in addition to the financial records, supporting documents, statistical records, and other pertinent records indicated at 2 C.F.R. 200.333.

    In the event that an award-related question arises from documents or other materials prepared or distributed by OJP that may appear to conflict with, or differ in some way from, the provisions of the Part 200 Uniform Requirements, the recipient is to contact OJP promptly for clarification.

OJP FORM 4000/2 (REV. 4-88)



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION<br>SHEET**<br>**Grant** | PAGE  3  OF  16 |
|---|---|---|

| PROJECT NUMBER    2018-DG-BX-0009 | AWARD DATE        10/01/2018 |
|---|---|

*SPECIAL CONDITIONS*

3. Compliance with DOJ Grants Financial Guide

   References to the DOJ Grants Financial Guide are to the DOJ Grants Financial Guide as posted on the OJP website (currently, the "DOJ Grants Financial Guide" available at https://ojp.gov/financialguide/DOJ/index.htm), including any updated version that may be posted during the period of performance.   The recipient agrees to comply with the DOJ Grants Financial Guide.

4. Reclassification of various statutory provisions to a new Title 34 of the United States Code

   On September 1, 2017, various statutory provisions previously codified elsewhere in the U.S. Code were editorially reclassified to a new Title 34, entitled "Crime Control and Law Enforcement." The reclassification encompassed a number of statutory provisions pertinent to OJP awards (that is, OJP grants and cooperative agreements), including many provisions previously codified in Title 42 of the U.S. Code.

   Effective as of September 1, 2017, any reference in this award document to a statutory provision that has been reclassified to the new Title 34 of the U.S. Code is to be read as a reference to that statutory provision as reclassified to Title 34. This rule of construction specifically includes references set out in award conditions, references set out in material incorporated by reference through award conditions, and references set out in other award requirements.

5. Required training for Point of Contact and all Financial Points of Contact

   Both the Point of Contact (POC) and all Financial Points of Contact (FPOCs) for this award must have successfully completed an "OJP financial management and grant administration training" by 120 days after the date of the recipient's acceptance of the award.  Successful completion of such a training on or after January 1, 2016, will satisfy this condition.

   In the event that either the POC or an FPOC for this award changes during the period of performance, the new POC or FPOC must have successfully completed an "OJP financial management and grant administration training" by 120 calendar days after-- (1) the date of OJP's approval of the "Change Grantee Contact" GAN (in the case of a new POC), or (2) the date the POC enters information on the new FPOC in GMS (in the case of a new FPOC).  Successful completion of such a training on or after January 1, 2016, will satisfy this condition.

   A list of OJP trainings that OJP will consider "OJP financial management and grant administration training" for purposes of this condition is available at https://www.ojp.gov/training/fmts.htm.  All trainings that satisfy this condition include a session on grant fraud prevention and detection.

   The recipient should anticipate that OJP will immediately withhold ("freeze") award funds if the recipient fails to comply with this condition.  The recipient's failure to comply also may lead OJP to impose additional appropriate conditions on this award.

6. Requirements related to "de minimis" indirect cost rate

   A recipient that is eligible under the Part 200 Uniform Requirements and other applicable law to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and that elects to use the "de minimis" indirect cost rate, must advise OJP in writing of both its eligibility and its election, and must comply with all associated requirements in the Part 200 Uniform Requirements.  The "de minimis" rate may be applied only to modified total direct costs (MTDC) as defined by the Part 200 Uniform Requirements.

OJP FORM 4000/2 (REV. 4-88)

**EXHIBIT H**                    **Page 7 of 23**



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  4  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

7.  Requirement to report potentially duplicative funding

If the recipient currently has other active awards of federal funds, or if the recipient receives any other award of federal funds during the period of performance for this award, the recipient promptly must determine whether funds from any of those other federal awards have been, are being, or are to be used (in whole or in part) for one or more of the identical cost items for which funds are provided under this award.  If so, the recipient must promptly notify the DOJ awarding agency (OJP or OVW, as appropriate) in writing of the potential duplication, and, if so requested by the DOJ awarding agency, must seek a budget-modification or change-of-project-scope grant adjustment notice (GAN) to eliminate any inappropriate duplication of funding.

8.  Requirements related to System for Award Management and Universal Identifier Requirements

The recipient must comply with applicable requirements regarding the System for Award Management (SAM), currently accessible at https://www.sam.gov/.  This includes applicable requirements regarding registration with SAM, as well as maintaining the currency of information in SAM.

The recipient also must comply with applicable restrictions on subawards ("subgrants") to first-tier subrecipients (first-tier "subgrantees"), including restrictions on subawards to entities that do not acquire and provide (to the recipient) the unique entity identifier required for SAM registration.

The details of the recipient's obligations related to SAM and to unique entity identifiers are posted on the OJP web site at https://ojp.gov/funding/Explore/SAM.htm (Award condition:  System for Award Management (SAM) and Universal Identifier Requirements), and are incorporated by reference here.

This condition does not apply to an award to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

9.  Requirement to report actual or imminent breach of personally identifiable information (PII)

The recipient (and any "subrecipient" at any tier) must have written procedures in place to respond in the event of an actual or imminent "breach" (OMB M-17-12) if it (or a subrecipient)-- 1) creates, collects, uses, processes, stores, maintains, disseminates, discloses, or disposes of "personally identifiable information (PII)" (2 CFR 200.79) within the scope of an OJP grant-funded program or activity, or 2) uses or operates a "Federal information system" (OMB Circular A-130).  The recipient's breach procedures must include a requirement to report actual or imminent breach of PII to an OJP Program Manager no later than 24 hours after an occurrence of an actual breach, or the detection of an imminent breach.

10.  All subawards ("subgrants") must have specific federal authorization

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements for authorization of any subaward.  This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a "subaward" (and therefore does not consider a procurement "contract").

The details of the requirement for authorization of any subaward are posted on the OJP web site at https://ojp.gov/funding/Explore/SubawardAuthorization.htm (Award condition:  All subawards ("subgrants") must have specific federal authorization), and are incorporated by reference here.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE  5  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

11.  Specific post-award approval required to use a noncompetitive approach in any procurement contract that would exceed $150,000

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements to obtain specific advance approval to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold (currently, $150,000).  This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a procurement "contract" (and therefore does not consider a subaward).

The details of the requirement for advance approval to use a noncompetitive approach in a procurement contract under an OJP award are posted on the OJP web site at https://ojp.gov/funding/Explore/NoncompetitiveProcurement.htm (Award condition:  Specific post-award approval required to use a noncompetitive approach in a procurement contract (if contract would exceed $150,000)), and are incorporated by reference here.

12.  Requirements pertaining to prohibited conduct related to trafficking in persons (including reporting requirements and OJP authority to terminate award)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements (including requirements to report allegations) pertaining to prohibited conduct related to the trafficking of persons, whether on the part of recipients, subrecipients ("subgrantees"), or individuals defined (for purposes of this condition) as "employees" of the recipient or of any subrecipient.

The details of the recipient's obligations related to prohibited conduct related to trafficking in persons are posted on the OJP web site at https://ojp.gov/funding/Explore/ProhibitedConduct-Trafficking.htm (Award condition:  Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and OJP authority to terminate award)), and are incorporated by reference here.

13.  Compliance with applicable rules regarding approval, planning, and reporting of conferences, meetings, trainings, and other events

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable laws, regulations, policies, and official DOJ guidance (including specific cost limits, prior approval and reporting requirements, where applicable) governing the use of federal funds for expenses related to conferences (as that term is defined by DOJ), including the provision of food and/or beverages at such conferences, and costs of attendance at such conferences.

Information on the pertinent DOJ definition of conferences and the rules applicable to this award appears in the DOJ Grants Financial Guide (currently, as section 3.10 of "Postaward Requirements" in the "DOJ Grants Financial Guide").

14.  Requirement for data on performance and effectiveness under the award

The recipient must collect and maintain data that measure the performance and effectiveness of work under this award. The data must be provided to OJP in the manner (including within the timeframes) specified by OJP in the program solicitation or other applicable written guidance.  Data collection supports compliance with the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, and other applicable laws.

15.  OJP Training Guiding Principles

Any training or training materials that the recipient -- or any subrecipient ("subgrantee") at any tier -- develops or delivers with OJP award funds must adhere to the OJP Training Guiding Principles for Grantees and Subgrantees, available at https://ojp.gov/funding/Implement/TrainingPrinciplesForGrantees-Subgrantees.htm.



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  6  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |

*SPECIAL CONDITIONS*

16.  Effect of failure to address audit issues

The recipient understands and agrees that the DOJ awarding agency (OJP or OVW, as appropriate) may withhold award funds, or may impose other related requirements, if (as determined by the DOJ awarding agency) the recipient does not satisfactorily and promptly address outstanding issues from audits required by the Part 200 Uniform Requirements (or by the terms of this award), or other outstanding issues that arise in connection with audits, investigations, or reviews of DOJ awards.

17.  Potential imposition of additional requirements

The recipient agrees to comply with any additional requirements that may be imposed by the DOJ awarding agency (OJP or OVW, as appropriate) during the period of performance for this award, if the recipient is designated as "high-risk" for purposes of the DOJ high-risk grantee list.

18.  Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 42, specifically including any applicable requirements in Subpart E of 28 C.F.R. Part 42 that relate to an equal employment opportunity program.

19.  Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 54

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 54, which relates to nondiscrimination on the basis of sex in certain "education programs."

20.  Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 38

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 38, specifically including any applicable requirements regarding written notice to program beneficiaries and prospective program beneficiaries.

Among other things, 28 C.F.R. Part 38 includes rules that prohibit specific forms of discrimination on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipient and subrecipient ("subgrantee") organizations that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations.

The text of the regulation, now entitled "Partnerships with Faith-Based and Other Neighborhood Organizations," is available via the Electronic Code of Federal Regulations (currently accessible at https://www.ecfr.gov/cgi-bin/ECFR?page=browse), by browsing to Title 28-Judicial Administration, Chapter 1, Part 38, under e-CFR "current" data.

OJP FORM 4000/2 (REV. 4-88)



| U.S. Department of Justice | | |
|---|---|---|
| Office of Justice Programs | **AWARD CONTINUATION** | |
| **Bureau of Justice Assistance** | **SHEET** | PAGE  7  OF  16 |
| | **Grant** | |

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

21.  Restrictions on "lobbying"

In general, as a matter of federal law, federal funds awarded by OJP may not be used by the recipient, or any subrecipient ("subgrantee") at any tier, either directly or indirectly, to support or oppose the enactment, repeal, modification, or adoption of any law, regulation, or policy, at any level of government.  See 18 U.S.C. 1913.  (There may be exceptions if an applicable federal statute specifically authorizes certain activities that otherwise would be barred by law.)

Another federal law generally prohibits federal funds awarded by OJP from being used by the recipient, or any subrecipient at any tier, to pay any person to influence (or attempt to influence) a federal agency, a Member of Congress, or Congress (or an official or employee of any of them) with respect to the awarding of a federal grant or cooperative agreement, subgrant, contract, subcontract, or loan, or with respect to actions such as renewing, extending, or modifying any such award.  See 31 U.S.C. 1352.  Certain exceptions to this law apply, including an exception that applies to Indian tribes and tribal organizations.

Should any question arise as to whether a particular use of federal funds by a recipient (or subrecipient) would or might fall within the scope of these prohibitions, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

22.  Compliance with general appropriations-law restrictions on the use of federal funds (FY 2018)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable restrictions on the use of federal funds set out in federal appropriations statutes. Pertinent restrictions, including from various "general provisions" in the Consolidated Appropriations Act, 2018, are set out at https://ojp.gov/funding/Explore/FY18AppropriationsRestrictions.htm, and are incorporated by reference here.

Should a question arise as to whether a particular use of federal funds by a recipient (or a subrecipient) would or might fall within the scope of an appropriations-law restriction, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

23.  Reporting Potential Fraud, Waste, and Abuse, and Similar Misconduct

The recipient and any subrecipients ("subgrantees") must promptly refer to the DOJ Office of the Inspector General (OIG) any credible evidence that a principal, employee, agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award -- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct.

Potential fraud, waste, abuse, or misconduct involving or relating to funds under this award should be reported to the OIG by-- (1) mail directed to: Office of the Inspector General, U.S. Department of Justice, Investigations Division, 1425 New York Avenue, N.W. Suite 7100, Washington, DC 20530; and/or (2) the DOJ OIG hotline: (contact information in English and Spanish) at (800) 869-4499 (phone) or (202) 616-9881 (fax).

Additional information is available from the DOJ OIG website at https://oig.justice.gov/hotline.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE  8  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

24.   Restrictions and certifications regarding non-disclosure agreements and related matters

No recipient or subrecipient ("subgrantee") under this award, or entity that receives a procurement contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts, or purports to prohibit or restrict, the reporting (in accordance with law) of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

The foregoing is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

1.  In accepting this award, the recipient--

a.  represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

b.  certifies that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

2.  If the recipient does or is authorized under this award to make subawards ("subgrants"), procurement contracts, or both--

a.  it represents that--

(1) it has determined that no other entity that the recipient's application proposes may or will receive award funds (whether through a subaward ("subgrant"), procurement contract, or subcontract under a procurement contract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

(2) it has made appropriate inquiry, or otherwise has an adequate factual basis, to support this representation; and

b.  it certifies that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE  9  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

25. Compliance with 41 U.S.C. 4712 (including prohibitions on reprisal; notice to employees)

    The recipient (and any subrecipient at any tier) must comply with, and is subject to, all applicable provisions of 41 U.S.C. 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information related to gross mismanagement of a federal grant, a gross waste of federal funds, an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant.

    The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712.

    Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance.

26. Encouragement of policies to ban text messaging while driving

    Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," 74 Fed. Reg. 51225 (October 1, 2009), DOJ encourages recipients and subrecipients ("subgrantees") to adopt and enforce policies banning employees from text messaging while driving any vehicle during the course of performing work funded by this award, and to establish workplace safety policies and conduct education, awareness, and other outreach to decrease crashes caused by distracted drivers.

27. Requirement to disclose whether recipient is designated "high risk" by a federal grant-making agency outside of DOJ

    If the recipient is designated "high risk" by a federal grant-making agency outside of DOJ, currently or at any time during the course of the period of performance under this award, the recipient must disclose that fact and certain related information to OJP by email at OJP.ComplianceReporting@ojp.usdoj.gov.  For purposes of this disclosure, high risk includes any status under which a federal awarding agency provides additional oversight due to the recipient's past performance, or other programmatic or financial concerns with the recipient. The recipient's disclosure must include the following: 1. The federal awarding agency that currently designates the recipient high risk, 2. The date the recipient was designated high risk, 3. The high-risk point of contact at that federal awarding agency (name, phone number, and email address), and 4. The reasons for the high-risk status, as set out by the federal awarding agency.

28. FFATA reporting:  Subawards and executive compensation

    The recipient must comply with applicable requirements to report first-tier subawards ("subgrants") of $25,000 or more and, in certain circumstances, to report the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients (first-tier "subgrantees") of award funds.  The details of recipient obligations, which derive from the Federal Funding Accountability and Transparency Act of 2006 (FFATA), are posted on the OJP web site at https://ojp.gov/funding/Explore/FFATA.htm (Award condition: Reporting Subawards and Executive Compensation), and are incorporated by reference here.

    This condition, including its reporting requirement, does not apply to-- (1) an award of less than $25,000, or (2) an award made to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE 10 OF 16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |

*SPECIAL CONDITIONS*

29. The recipient agrees to submit to BJA for review and approval any curricula, training materials, proposed publications, reports, or any other written materials that will be published, including web-based materials and web site content, through funds from this grant at least thirty (30) working days prior to the targeted dissemination date. Any written, visual, or audio publications, with the exception of press releases, whether published at the grantee's or government's expense, shall contain the following statements: "This project was supported by Grant No. 2018-DG-BX-0009 awarded by the Bureau of Justice Assistance. The Bureau of Justice Assistance is a component of the Department of Justice's Office of Justice Programs, which also includes the Bureau of Justice Statistics, the National Institute of Justice, the Office of Juvenile Justice and Delinquency Prevention, the Office for Victims of Crime, and the SMART Office. Points of view or opinions in this document are those of the author and do not necessarily represent the official position or policies of the U.S. Department of Justice." The current edition of the DOJ Grants Financial Guide provides guidance on allowable printing and publication activities.

30. The recipient agrees to cooperate with any assessments, national evaluation efforts, or information or data collection requests, including, but not limited to, the provision of any information required for the assessment or evaluation of any activities within this project.

31. Justification of consultant rate

    Approval of this award does not indicate approval of any consultant rate in excess of $650 per day. A detailed justification must be submitted to and approved by the OJP program office prior to obligation or expenditure of such funds.

32. With respect to this award, federal funds may not be used to pay cash compensation (salary plus bonuses) to any employee of the award recipient at a rate that exceeds 110% of the maximum annual salary payable to a member of the federal government's Senior Executive Service (SES) at an agency with a Certified SES Performance Appraisal System for that year. (An award recipient may compensate an employee at a higher rate, provided the amount in excess of this compensation limitation is paid with non-federal funds.)

    This limitation on compensation rates allowable under this award may be waived on an individual basis at the discretion of the OJP official indicated in the program announcement under which this award is made.

33. Verification and updating of recipient contact information

    The recipient must verify its Point of Contact(POC), Financial Point of Contact (FPOC), and Authorized Representative contact information in GMS, including telephone number and e-mail address. If any information is incorrect or has changed, a Grant Adjustment Notice (GAN) must be submitted via the Grants Management System (GMS) to document changes.

34. Any Web site that is funded in whole or in part under this award must include the following statement on the home page, on all major entry pages (i.e., pages (exclusive of documents) whose primary purpose is to navigate the user to interior content), and on any pages from which a visitor may access or use a Web-based service, including any pages that provide results or outputs from the service: "This Web site is funded in whole or in part through a grant from the Bureau of Justice Assistance, Office of Justice Programs, U.S. Department of Justice. Neither the U.S. Department of Justice nor any of its components operate, control, are responsible for, or necessarily endorse, this Web site (including, without limitation, its content, technical infrastructure, and policies, and any services or tools provided)." The full text of the foregoing statement must be clearly visible on the home page. On other pages, the statement may be included through a link, entitled "Notice of Federal Funding and Federal Disclaimer," to the full text of the statement.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 11 OF 16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

35.  Cooperating with OJP Monitoring

The recipient agrees to cooperate with OJP monitoring of this award pursuant to OJP's guidelines, protocols, and procedures, and to cooperate with OJP (including the grant manager for this award and the Office of Chief Financial Officer (OCFO)) requests related to such monitoring, including requests related to desk reviews and/or site visits. The recipient agrees to provide to OJP all documentation necessary for OJP to complete its monitoring tasks, including documentation related to any subawards made under this award. Further, the recipient agrees to abide by reasonable deadlines set by OJP for providing the requested documents. Failure to cooperate with OJP's monitoring activities may result in actions that affect the recipient's DOJ awards, including, but not limited to: withholdings and/or other restrictions on the recipient's access to award funds; referral to the DOJ OIG for audit review; designation of the recipient as a DOJ High Risk grantee; or termination of an award(s).

36.  The award recipient agrees to participate in a data collection process measuring program outputs and outcomes. The data elements for this process will be outlined by the Office of Justice Programs.

37.  Protection of human research subjects

The recipient (and any subrecipient at any tier) must comply with the requirements of 28 C.F.R. Part 46 and all OJP policies and procedures regarding the protection of human research subjects, including obtainment of Institutional Review Board approval, if appropriate, and subject informed consent.

38.  Confidentiality of data

The recipient (and any subrecipient at any tier) must comply with all confidentiality requirements of 42 U.S.C. 3789g and 28 C.F.R. Part 22 that are applicable to collection, use, and revelation of data or information. The recipient further agrees, as a condition of award approval, to submit a Privacy Certificate that is in accord with requirements of 28 C.F.R. Part 22 and, in particular, 28 C.F.R. 22.23.

39.  Applicants must certify that Limited English Proficiency persons have meaningful access to the services under this program(s). National origin discrimination includes discrimination on the basis of limited English proficiency (LEP). To ensure compliance with Title VI and the Safe Streets Act, recipients are required to take reasonable steps to ensure that LEP persons have meaningful access to their programs. Meaningful access may entail providing language assistance services, including oral and written translation when necessary. The U.S. Department of Justice has issued guidance for grantees to help them comply with Title VI requirements. The guidance document can be accessed on the Internet at www.lep.gov.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE  12  OF  16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

40. Copyright; Data rights

The recipient acknowledges that OJP reserves a royalty-free, non-exclusive, and irrevocable license to reproduce, publish, or otherwise use, and authorize others to use (in whole or in part, including in connection with derivative works), for Federal purposes: (1) any work subject to copyright developed under an award or subaward; and (2) any rights of copyright to which a recipient or subrecipient purchases ownership with Federal support.

The recipient acknowledges that OJP has the right to (1) obtain, reproduce, publish, or otherwise use the data first produced under an award or subaward; and (2) authorize others to receive, reproduce, publish, or otherwise use such data for Federal purposes.  "Data" includes data as defined in Federal Acquisition Regulation (FAR) provision 52.227-14 (Rights in Data - General).

It is the responsibility of the recipient (and of each subrecipient, if applicable) to ensure that this condition is included in any subaward under this award.

The recipient has the responsibility to obtain from subrecipients, contractors, and subcontractors (if any) all rights and data necessary to fulfill the recipient's obligations to the Government under this award.  If a proposed subrecipient, contractor, or subcontractor refuses to accept terms affording the Government such rights, the recipient shall promptly bring such refusal to the attention of the OJP program manager for the award and not proceed with the agreement in question without further authorization from the OJP program office.

41. The recipient is authorized to obligate, expend, or draw down funds in an amount not to exceed 35% of this award for the sole purpose of partaking in a 6-month planning period in collaboration with BJA and ATF. The purpose of this planning period is to convene relevant stakeholders to develop a project action plan, implement policy development, and train staff and stakeholders as appropriate. During this 6-month period, BJA will release 35 percent of funds to assist with planning. The remaining funds will be released upon successful completion of a project action plan. The recipient is not authorized to incur any additional obligations, make any additional expenditures, or draw down any additional funds until BJA has issued a Grant Adjustment Notice (GAN) removing this condition.

42. Recipient may not obligate, expend, or drawdown funds until the Bureau of Justice Assistance, Office of Justice Programs has reviewed and approved the Budget Narrative portion of the application and has issued a Grant Adjustment Notice (GAN) informing the recipient of the approval.

43. Within 120 days of the award date, the recipient shall submit to the Office of Justice Programs a finalized Memorandum of Understanding (MOU) that reflects the goals and objectives of the project and lists the identities, roles, and contributions of the participating agencies. The MOU must be signed by the Chief Executive Officer of each collaborating agency. The grantee also agrees to notify the Bureau of Justice Assistance of any change in the status or duties of the collaborating agency partners or individuals.

44. The recipient agrees promptly to provide, upon request, financial or programmatic-related documentation related to this award, including documentation of expenditures and achievements.

45. The recipient understands that it will be subject to additional financial and programmatic on-site monitoring, which may be on short notice, and agrees that it will cooperate with any such monitoring.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 13 OF 16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |

*SPECIAL CONDITIONS*

46. Withholding of funds: Completion of "OJP financial management and grant administration training" required

The recipient may not obligate, expend, or draw down any award funds until-- (1) OJP determines that the recipient's Point of Contact (POC) and all Financial Points of Contact (FPOCs) for this award have successfully completed an "OJP financial management and grant administration training" on or after January 1, 2016, and (2) OJP issues a Grant Adjustment Notice (GAN) to modify or remove this condition.

Once both the POC and all FPOCs have successfully completed the training required by this condition, the recipient may contact the designated grant manager for the award to request initiation of a GAN to remove this condition.

A list of the OJP trainings that OJP will consider an "OJP financial management and grant administration training" for purposes of this condition is available at https://ojp.gov/training/fmts.htm.  All trainings that satisfy this condition include a session on grant fraud prevention and detection.

47. The recipient may not obligate, expend, or draw down any award funds for indirect costs, unless and until either -- (1) the recipient submits to OJP a current, federally-approved indirect cost rate agreement, or (2) the recipient determines that it is eligible under the Part 200 Uniform Requirements to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and advises OJP in writing of both its eligibility and its election.

The financial review of the budget for this award is pending.  If the OJP Office of the Chief Financial Officer (OCFO) determines as part of its financial review that the recipient already has submitted the documentation concerning indirect costs described above, this condition will be released through a Grant Adjustment Notice (GAN) upon completion of the OCFO final budget review.

If the OJP OCFO instead determines as part of its financial review that the recipient has not yet submitted the required documentation concerning indirect costs, this condition will not be released until OJP (including its OCFO) receives and reviews a satisfactory submission.

48. The recipient may not obligate, expend or draw down funds until the Office of the Chief Financial Officer (OCFO) has approved the budget and budget narrative and a Grant Adjustment Notice (GAN) has been issued to remove this special condition.

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 14 OF 16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

49. Noninterference (within the funded "program or activity") with federal law enforcement: 8 U.S.C. 1373 and 1644; ongoing compliance

1. With respect to the "program or activity" funded in whole or part under this award (including any such program or activity of any subrecipient at any tier), throughout the period of performance, no State or local government entity, -agency, or -official may prohibit or in any way restrict-- (1) any government entity or -official from sending or receiving information regarding citizenship or immigration status as described in 8 U.S.C. 1373(a); or (2) a government entity or -agency from sending, requesting or receiving, maintaining, or exchanging information regarding immigration status as described in either 8 U.S.C. 1373(b) or 1644. Any prohibition (or restriction) that violates this condition is an "information-communication restriction" under this award.

2. Certifications from subrecipients. The recipient may not make a subaward to a State, a local government, or a "public" institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373 and 1644, properly executed by the chief legal officer of the government or educational institution that would receive the subaward, using the appropriate form available at https://ojp.gov/funding/Explore/SampleCertifications-8USC1373.htm. Also, the recipient must require that no subrecipient (at any tier) may make a further subaward to a State, a local government, or a public institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373 and 1644, properly executed by the chief legal officer of the government or institution that would receive the further subaward, using the appropriate OJP form.

3. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

4. Allowable costs. Compliance with these requirements is an authorized and priority purpose of this award. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) that the recipient, or any subrecipient at any tier that is a State, a local government, or a public institution of higher education, incurs to implement this condition.

5. Rules of Construction

A. For purposes of this condition:

(1) "State" and "local government" include any agency or other entity thereof, but not any institution of higher education or any Indian tribe.

(2) A "public" institution of higher education is defined as one that is owned, controlled, or directly funded (in whole or in substantial part) by a State or local government. (Such a public institution is considered to be a "government entity," and its officials to be "government officials.")

(3) "Program or activity" means what it means under title VI of the Civil Rights Act of 1964 (see 42 U.S.C. 2000d-4a).

(4) "Immigration status" means what it means under 8 U.S.C. 1373 and 8 U.S.C. 1644; and terms that are defined in 8 U.S.C. 1101 mean what they mean under that section 1101, except that "State" also includes American Samoa.

(5) Pursuant to the provisions set out at (or referenced in) 8 U.S.C. 1551 note ("Abolition ... and Transfer of Functions"), references to the "Immigration and Naturalization Service" in 8 U.S.C. 1373 and 1644 are to be read as references to particular components of the Department of Homeland Security (DHS).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, any public institution of higher education, or any other entity (or individual) to violate any federal law, including any applicable civil rights or nondiscrimination law.

IMPORTANT NOTE: Any questions about the meaning or scope of this condition should be directed to OJP, before

OJP FORM 4000/2 (REV. 4-88)



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
**Grant**

PAGE 15 OF 16

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

award acceptance.

50.   Authority to obligate award funds contingent on noninterference (within the funded "program or activity") with federal law enforcement (8 U.S.C. 1373 and 1644); unallowable costs; notification

1. If the recipient is a "State," a local government, or a "public" institution of higher education:

A. The recipient may not obligate award funds if, at the time of the obligation, the "program or activity" of the recipient (or of any subrecipient at any tier that is a State, a local government, or a public institution of higher education) that is funded in whole or in part with award funds is subject to any "information-communication restriction."

B. In addition, with respect to any project costs it incurs "at risk," the recipient may not obligate award funds to reimburse itself if -- at the time it incurs such costs -- the program or activity of the recipient (or of any subrecipient at any tier that is a State, a local government, or a public institution of higher education) that would be reimbursed in whole or in part with award funds was subject to any information-communication restriction.

C. Any drawdown of award funds by the recipient shall be considered, for all purposes, to be a material representation by the recipient to OJP that, as of the date the recipient requests the drawdown, the recipient and each subrecipient (regardless of tier) that is a State, local government, or public institution of higher education, is in compliance with the award condition entitled "Noninterference (within the funded 'program or activity') with federal law enforcement: 8 U.S.C. 1373 and 1644 and ongoing compliance."

D. The recipient must promptly notify OJP (in writing) if the recipient, from its requisite monitoring of compliance with award conditions or otherwise, has credible evidence that indicates that the funded program or activity of the recipient, or of any subrecipient at any tier that is either a State or a local government or a public institution of higher education, may be subject to any information-communication restriction. In addition, any subaward (at any tier) to a subrecipient that is a State, a local government, or a public institution of higher education must require prompt notification to the entity that made the subaward, should the subrecipient have such credible evidence regarding an information-communication restriction.

2. Any subaward (at any tier) to a subrecipient that is a State, a local government, or a public institution of higher education must provide that the subrecipient may not obligate award funds if, at the time of the obligation, the program or activity of the subrecipient (or of any further such subrecipient at any tier) that is funded in whole or in part with award funds is subject to any information-communication restriction.

3. Absent an express written determination by DOJ to the contrary, based upon a finding by DOJ of compelling circumstances (e.g., a small amount of award funds obligated by the recipient at the time of a subrecipient's minor and transitory non-compliance, which was unknown to the recipient despite diligent monitoring), any obligations of award funds that, under this condition, may not be made shall be unallowable costs for purposes of this award. In making any such determination, DOJ will give great weight to evidence submitted by the recipient that demonstrates diligent monitoring of subrecipient compliance with the requirements set out in the "Noninterference ... 8 U.S.C. 1373 and 1644 and ongoing compliance" award condition.

4. Rules of Construction

A. For purposes of this condition "information-communication restriction" has the meaning set out in the "Noninterference ... 8 U.S.C. 1373 and 1644 and ongoing compliance" condition.

B. Both the "Rules of Construction" and the "Important Note" set out in the "Noninterference ... 8 U.S.C. 1373 and 1644 and ongoing compliance" condition are incorporated by reference as though set forth here in full.

OJP FORM 4000/2 (REV. 4-88)



| U.S. Department of Justice<br>Office of Justice Programs<br>**Bureau of Justice Assistance** | **AWARD CONTINUATION SHEET**<br>**Grant** | PAGE 16 OF 16 |
| --- | --- | --- |

| PROJECT NUMBER | 2018-DG-BX-0009 | AWARD DATE | 10/01/2018 |
| --- | --- | --- | --- |

*SPECIAL CONDITIONS*

51. Noninterference (within the funded "program or activity") with federal law enforcement: No public disclosure of certain law enforcement sensitive information

SCOPE. This condition applies with respect to the "program or activity" that is funded (in whole or in part) by the award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance. Its provisions must be among those included in any subaward (at any tier).

1. Noninterference: No public disclosure of federal law enforcement information in order to conceal, harbor, or shield

Consistent with the purposes and objectives of federal law enforcement statutes and federal criminal law (including 8 U.S.C. 1324 and 18 U.S.C. chs. 1, 49, 227), no public disclosure may be made of any federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18 U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12 -- without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a).

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.

3. Allowable costs

To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.

4. Rules of construction

A. For purposes of this condition--

(1) the term "alien" means what it means under section 101 of the Immigration and Nationality Act (see 8 U.S.C. 1101(a)(3));

(2) the term "federal law enforcement information" means law enforcement sensitive information communicated or made available, by the federal government, to a State or local government entity, -agency, or -official, through any means, including, without limitation-- (1) through any database, (2) in connection with any law enforcement partnership or -task-force, (3) in connection with any request for law enforcement assistance or -cooperation, or (4) through any deconfliction (or courtesy) notice of planned, imminent, commencing, continuing, or impending federal law enforcement activity;

(3) the term "law enforcement sensitive information" means records or information compiled for any law enforcement purpose; and

(4) the term "public disclosure" means any communication or release other than one-- (a) within the recipient, or (b) to any subrecipient (at any tier) that is a government entity.

B. Both the "Rules of Construction" and the "Important Note" set out in the "Noninterference (within the funded 'program or activity') with federal law enforcement: 8 U.S.C. 1373 and 1644 and ongoing compliance" award condition are incorporated by reference as though set forth here in full.

OJP FORM 4000/2 (REV. 4-88)



**U.S. Department of Justice**

Office of Justice Programs

*Bureau of Justice Assistance*

---

*Washington, D.C.  20531*

**Memorandum To:**   Official Grant File

**From:**                    Orbin Terry, NEPA Coordinator

**Subject:**                Categorical Exclusion for City of Albuquerque Police Department


The FY18 Local Law Enforcement CGIC Integration Initiative is a limited competition grant program that will provide funding to address illegal firearm-related crime and forensics. This initiative furthers the Department's mission by assisting state, local and tribal law enforcement in responding to violent crime, and working with the Bureau of Alcohol, Tobacco, Firearms and Explosives to utilize intelligence, technology, and community engagement to swiftly identify crime guns, their sources, and effectively prosecute perpetrators. The Local Law Enforcement Crime Gun Intelligence Center Integration Initiative is part of the Project Safe Neighborhoods (PSN) Suite of programs, which is focused on reducing violent crime. None of the following activities will be conducted either under the OJP federal action or a related third party action:

1) New construction;
2) Any renovation or remodeling of a property either (a) listed on or eligible for listing on the National Register of Historic Places or (b) located within a 100-year flood plain;
3) A renovation which will change the basic prior use of a facility or significantly change its size;
4) Research and technology whose anticipated and future application could be expected to have an effect on the environment; or
5) Implementation of a program involving the use of chemicals.

Consequently, the subject federal action meets OJP's criteria for a categorical exclusion as contained in paragraph 4(b) of Appendix D to Part 61 of the Code of Federal Regulations. Additionally, the proposed action is neither a phase nor a segment or a project which when viewed in its entirety would not meet the criteria for a categorical exclusion.



U.S. Department of Justice

Office of Justice Programs

Bureau of Justice Assistance

## GRANT MANAGER'S MEMORANDUM, PT. I: PROJECT SUMMARY

### Grant

| PROJECT NUMBER | |
|---|---|
| 2018-DG-BX-0009 | PAGE   1   OF   1 |

This project is supported under FY18(BJA - JAG Reserved Funds Award - Crime Gun Intelligence Ctr Integration) Title I of Public Law 90-351 (generally codified at 34 USC ch. 101), including section 506 (codified at 34 USC 10157); see also 28 USC 530C(a)

| 1. STAFF CONTACT (Name & telephone number) | 2. PROJECT DIRECTOR (Name, address & telephone number) |
|---|---|
| Joseph Husted <br> (202) 353-4411 | Maria Garcia-Cunningham <br> Planning Manager <br> 400 Roma Avenue NW <br> Albuquerque, NM 87102 <br> (505) 768-2186 |

| 3a. TITLE OF THE PROGRAM | 3b. POMS CODE (SEE INSTRUCTIONS ON REVERSE) |
|---|---|
| BJA FY 18 Local Law Enforcement Crime Gun Intelligence Center Integration Initiative | |

**4. TITLE OF PROJECT**

City of Albuquerque Crime Gun Intelligence Center (COA CGIC)

| 5. NAME & ADDRESS OF GRANTEE | 6. NAME & ADRESS OF SUBGRANTEE |
|---|---|
| City of Albuquerque Police Department <br> 400 Roma NW <br> Albuquerque, NM 87102 | |

| 7. PROGRAM PERIOD | 8. BUDGET PERIOD |
|---|---|
| FROM:          10/01/2018          TO:   09/30/2021 | FROM:          10/01/2018          TO:   09/30/2021 |

| 9. AMOUNT OF AWARD | 10. DATE OF AWARD |
|---|---|
| $ 452,108 | 10/01/2018 |

| 11. SECOND YEAR'S BUDGET | 12. SECOND YEAR'S BUDGET AMOUNT |
|---|---|
| | |

| 13. THIRD YEAR'S BUDGET PERIOD | 14. THIRD YEAR'S BUDGET AMOUNT |
|---|---|
| | |

**15. SUMMARY DESCRIPTION OF PROJECT (See instruction on reverse)**

The Local Law Enforcement Crime Gun Intelligence Center Integration (CGIC) Initiative, administered by BJA in partnership with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), is a competitive grant program that provides funding to state and local government entities that are experiencing precipitous increases in gun crime to implement comprehensive and holistic models to reduce violent crime and the illegal use of firearms within their jurisdictions by enabling them to integrate with their local ATF CGIC. The purpose of this initiative is to encourage local jurisdictions to work with their ATF partners to utilize intelligence, technology, and community engagement to swiftly identify firearms used unlawfully and their sources, and effectively prosecute perpetrators engaged in violent crime. The CGIC Initiative is part of the Project Safe Neighborhoods (PSN) Suite of programs, which is focused on reducing violent crime. The PSN Suite comprises PSN, Strategies for Policing Innovation, Innovative Prosecution Solutions, CGIC Initiative, National Public Safety Partnerships, Technology Innovation for Public Safety, Encouraging Innovation: Field Initiated, Innovations in Community-Based Crime Reduction, and Community Based Violence Prevention Demonstration, and these initiatives will coordinate proactively with the PSN team in the respective district of the United States Attorney's Office (USAO) to

OJP FORM 4000/2 (REV. 4-88)

enhance collaboration and strengthen the commitment to reducing violent crime. Applicants must demonstrate this coordination with their USAO district PSN team in their submission.

The City of Albuquerque will use BJA funds to expand the CGIC program by adding additional calibers and all guns within 24-48 hours of collection. Additional plans include adding vital elements of a CGIC to include an Electronic Gunshot Detection System (EGDS) in year 2 of the project. With an EGDS, it will allow APD to collect more shell casings and locate offenders resulting in lower gun crimes.

CA/NCF