## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CITY OF ALBUQUERQUE,**<br><br>                      Plaintiff,<br><br>       v.<br><br>**WILLIAM P. BARR**, in his official capacity as<br>Attorney General of the United States, and the **U.S.**<br>**DEPARTMENT OF JUSTICE**,<br><br>                      Defendants. | Case No. 1:20-cv-00371-KG-KK<br><br>**DEFENDANTS' ANSWER** |

Defendants, William P. Barr, in his official capacity as Attorney General of the United States, and the U.S. Department of Justice ("Department"), hereby answer Plaintiff's complaint:

## INTRODUCTION

1.      The first sentence of this paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph. The third and fourth sentences of this paragraph contain Plaintiff's characterization of federal statutory provisions establishing the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") Program, *see* 34 U.S.C. § 10151 *et seq.*  Defendants deny any characterization of these statutory provisions, which speak for themselves, and respectfully refer the Court to the provisions for a complete and accurate statement of their contents.

2.      The first sentence of this paragraph is denied.  The remainder of this paragraph contains Plaintiff's characterization of this lawsuit, to which no response is required.

## JURISDICTION AND VENUE

3.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

1

4.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

## PARTIES

5.      Admitted.

6.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and the accompanying footnote 1.

7.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

8.      The first sentence of this paragraph is admitted.  The second sentence contains Plaintiff's characterization of 34 U.S.C. § 10152(a)(1).  Defendants deny any characterization of this provision, which speaks for itself, and respectfully refer the Court to the provision for a complete and accurate statement of its contents.  The third sentence of this paragraph contains Plaintiff's characterization of this lawsuit, to which no response is required.

9.      The first sentence of this paragraph is admitted.  The second sentence is denied, except to admit that during Fiscal Year 2018 ("FY 2018"), the Crime Gun Intelligence Center ("CGIC") grant program was administered through the Department's Office of Justice Programs (OJP).

## GENERAL ALLEGATIONS

## ALBUQUERQUE IS AN IMMIGRANT FRIENDLY CITY

10.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

12.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

14.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

26.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

**THE BYRNE JAG PROGRAM**

31.      This paragraph contains Plaintiff's characterization of the Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, Title I, 82 Stat. 197 ("1968 Act"), and the accompanying footnote 2 contains Plaintiff's characterization of several other laws.  Defendants deny any characterization of the 1968 Act and the other referenced laws, which speak for themselves, and Defendants respectfully refer the Court to each of these laws for a complete and accurate statement of its contents.

32.     This paragraph contains Plaintiff's characterization of the 1968 Act.  Defendants deny any characterization of the 1968 Act, which speaks for itself, and respectfully refer the Court to the 1968 Act for a complete and accurate statement of its contents.

33.     The first sentence of this paragraph contains Plaintiff's characterization of 34 U.S.C. § 10228(a).  Defendants deny any characterization of this statutory provision, which speaks for itself,

and respectfully refer the Court to 34 U.S.C. § 10228(a) for a complete and accurate statement of its contents. The second sentence of this paragraph is admitted.

34.     Denied, except to admit that states and local governments have received funds under the Byrne JAG Program and its predecessor programs for more than thirty years.

35.     The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied, except to admit that for over a decade following codification of the modern Byrne JAG Program, and continuing to this day, the Department has administered and continues to administer the Byrne JAG Program as Congress intended.

36.     The first sentence of this paragraph contains a conclusion of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of how the modern Byrne JAG Program is designed, and respectfully refer the Court to the statutory provisions establishing the Byrne JAG Program, *see* 34 U.S.C. ch. 101 (including, without limitation, §§ 10151 *et seq.*), as the best evidence of how the Byrne JAG Program is designed. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph.

37.     This paragraph contains Plaintiff's characterization of 34 U.S.C. §§ 10156–57. Defendants deny any characterization of these statutory provisions, which speak for themselves, and respectfully refer the Court to the provisions for a complete and accurate statement of their contents.

38.     Denied, except to admit that the CGIC Program is a competitive grant program authorized under 34 U.S.C. § 10157(b)(1) that provides funding to state and local government entities that are experiencing precipitous increases in gun crime.

39.     Denied, except to admit that the CGIC Program aims to reduce violent crime and the illegal use of firearms within state and local jurisdictions.

40.     This paragraph contains Plaintiff's characterization of a summary description of the

FY 2018 CGIC grant program.  Defendants deny any characterization of this description, which speaks for itself, and respectfully refer the Court to the description itself (reproduced on page 22 of Exhibit H to Plaintiff's Complaint), for a complete and accurate statement of its contents.

## THE CITY'S CGIC APPLICATION, REQUEST FOR REMOVAL OF THE IMMIGRATION CONDITIONS, AND BASES FOR THAT REQUEST

41.     Admitted.

42.     Admitted.

43.     This paragraph contains Plaintiff's characterization of the Project Abstract it submitted as part of its application for a FY 2018 CGIC grant.  Defendants deny any characterization of the Project Abstract, which speaks for itself, and respectfully refer the Court to the Project Abstract (reproduced as Exhibit F to Plaintiff's Complaint) for a complete and accurate statement of its contents.

44.     This paragraph contains Plaintiff's characterization of the Program Narrative it submitted with its application for a FY 2018 CGIC grant.  Defendants deny any characterization of the Program Narrative, which speaks for itself, and respectfully refer the Court to the Program Narrative (reproduced as Exhibit G to Plaintiff's Complaint) for a complete and accurate statement of its contents.

45.     This paragraph contains Plaintiff's characterization of an October 1, 2018 letter from Matt Dummermuth to Michael J. Geier.  Defendants deny any characterization of the letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced on page 1 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of its contents.

46.     This paragraph contains Plaintiff's characterization of three of the conditions on which it was offered a FY 2018 CGIC grant.  Defendants deny any characterization of these conditions, which speak for themselves, and respectfully refer the Court to the conditions themselves (reproduced on pages 18–20 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of their

contents.

47.     The first sentence of this paragraph contains Plaintiff's characterization of a letter in which it was offered an FY 2018 CGIC grant.  Defendants deny any characterization of this letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced on page 1 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of its contents.  The second sentence contains Plaintiff's characterization of the conditions on which it was offered a FY 2018 CGIC grant. Defendants deny any characterization of these conditions, which speak for themselves, and respectfully refer the Court to the document setting forth these conditions (reproduced on pages 6–20 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of their contents.

48.     This paragraph contains Plaintiff's characterization of one of the conditions on which it was offered a FY 2018 CGIC grant.  Defendants deny any characterization of this condition, which speaks for itself, and respectfully refer the Court to the condition (reproduced on pages 18–19 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of its contents.

49.     This paragraph contains Plaintiff's characterization of one of the conditions on which it was offered a FY 2018 CGIC grant.  Defendants deny any characterization of this condition, which speaks for itself, and respectfully refer the Court to the condition (reproduced on page 19 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of its contents.

50.     This paragraph contains Plaintiff's characterization of one of the conditions on which it was offered a FY 2018 CGIC grant.  Defendants deny any characterization of this condition, which speaks for itself, and respectfully refer the Court to the condition (reproduced on page 20 of Exhibit H to Plaintiff's Complaint) for a complete and accurate statement of its contents.

51.     This paragraph contains Plaintiff's characterization of one of the conditions on which it was offered a FY 2018 CGIC grant.  Defendants deny any characterization of this condition, which speaks for itself, and respectfully refer the Court to the condition (reproduced on page 20 of Exhibit

H to Plaintiff's Complaint) for a complete and accurate statement of its contents.

52.     The first sentence of this paragraph is denied.   The second sentence contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, denied.

53.     Denied, except to admit that Chief Geier purported to accept the award on November 15, 2018, while striking out special conditions 49, 50, and 51.

54.     This paragraph contains Plaintiff's characterization of a November 15, 2018 letter from Esteban A. Aguilar, Jr., to Michael L. Alston.  Defendants deny any characterization of this letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced as Exhibit J to Plaintiff's Complaint) for a complete and accurate statement of its contents.

55.     This paragraph contains Plaintiff's characterization of a November 15, 2018 letter from Esteban A. Aguilar, Jr., to Michael L. Alston.  Defendants deny any characterization of this letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced as Exhibit J to Plaintiff's Complaint) for a complete and accurate statement of its contents.

56.     This paragraph contains Plaintiff's characterization of a November 15, 2018 letter from Esteban A. Aguilar, Jr., to Michael L. Alston.  Defendants deny any characterization of this letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced as Exhibit J to Plaintiff's Complaint) for a complete and accurate statement of its contents.  In addition, this paragraph and the first sentence of footnote 3 contain Plaintiff's characterization of two district court orders in *City of Evanston v. Sessions*, No. 18-C-4852 (N.D. Ill.), and a related order on appeal. Defendants deny any characterization of these orders, which speak for themselves, and respectfully refer the Court to each order for a complete and accurate statement of its contents.  The second sentence of footnote 3 is denied, except to admit that the Department continues to apply the challenged conditions on the CGIC grant because it is not covered by the *City of Evanston* injunction.

8

57.     This paragraph contains Plaintiff's characterization of the August 9, 2018 order in *City of Evanston*.  Defendants deny any characterization of this order, which speaks for itself, and respectfully refer the Court to the order for a complete and accurate statement of its contents.  The first sentence of the accompanying footnote 4 is denied, except to admit that the Department placed conditions on the FY 2018 Byrne JAG formula grants that materially differed from the conditions it had placed on the FY 2017 Byrne JAG formula grants.  The second sentence of footnote 4 is denied, except to admit that the Conference of Mayors and City of Evanston filed an Amended Complaint on December 10, 2018, challenging conditions placed on the FY 2018 Byrne JAG formula grants.

58.     This paragraph contains Plaintiff's characterization of a November 15, 2018 letter from Esteban A. Aguilar, Jr., to Michael L. Alston.  Defendants deny any characterization of this letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced as Exhibit J to Plaintiff's Complaint) for a complete and accurate statement of its contents.  The paragraph also contains Plaintiff's characterization of *Murphy v. National Collegiate Athletic Association*, 138 S. Ct. 1461 (2018).  Defendants deny Plaintiff's characterization of this judicial opinion and respectfully refer the Court to the opinion for a complete and accurate statement of its contents.

59.     Denied, except to admit that the City contacted the Department, requesting that it agree not to enforce the three conditions at issue in this lawsuit, on November 15, 2018; December 18, 2018; and January 29, 2019.  Defendants respectfully refer the Court to this correspondence (reproduced as Exhibits J, L, and M to Plaintiff's Complaint) for a complete and accurate statement of its contents.

60.     This paragraph contains Plaintiff's characterization of a December 17, 2018 email from Joseph Husted to Maria M. Garcia-Cunningham.  Defendants deny any characterization of this email, which speaks for itself, and respectfully refer the Court to the email (reproduced as Exhibit K to Plaintiff's Complaint) for a complete and accurate statement of its contents.

61.     This paragraph contains Plaintiff's characterization of a December 18, 2018 letter from Esteban A. Aguilar, Jr., to Tracey Trautman.  Defendants deny any characterization of this letter, which speaks for itself, and respectfully refer the Court to the letter (reproduced as Exhibit L to Plaintiff's Complaint) for a complete and accurate statement of its contents.

62.     Admitted.

63.     This paragraph contains Plaintiff's characterization of a January 29, 2019 email from Lindsay Van Meter to Tracey Trautman.  Defendants deny any characterization of this email, which speaks for itself, and respectfully refer the Court to the email (reproduced as Exhibit M to Plaintiff's Complaint) for a complete and accurate statement of its contents.

64.     This paragraph contains Plaintiff's characterization of a February 6, 2019 email from Tracey Trautman to Lindsay Van Meter.  Defendants deny any characterization of this email, which speaks for itself, and respectfully refer the Court to the email (reproduced as Exhibit N to Plaintiff's Complaint) for a complete and accurate statement of its contents.

65.     Denied.

66.     Denied, except to admit that this paragraph accurately reproduces portions of 8 U.S.C. § 1373.

67.     This paragraph and the accompanying footnote 5 contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendants deny Plaintiff's characterization of the referenced judicial opinions and respectfully refer the Court to each opinion for a complete and accurate statement of its contents.

68.     This paragraph and the accompanying footnote 6 contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendants deny Plaintiff's characterization of the referenced judicial opinions and respectfully refer the Court to each opinion for a complete and accurate statement of its contents.

69.     Denied.

70.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendants deny any characterization of 8 U.S.C. § 1644, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.  The paragraph also contains Plaintiff's characterization of *City of New York v. United States*, 179 F.3d 29 (2d Cir. 1999).  Defendants deny Plaintiff's characterization of this judicial opinion and respectfully refer the Court to the opinion for a complete and accurate statement of its contents.  The accompanying footnote 7 is admitted.

71.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendants deny Plaintiff's characterization of *City of Providence v. Barr*, 415 F. Supp. 3d 302 (D.R.I. 2019), *aff'd*, 954 F.3d 23 (1st Cir. 2020), and respectfully refer the Court to each opinion for a complete and accurate statement of its contents.

72.     This paragraph contains Plaintiff's characterization of the litigation in *County of Santa Clara v. Trump*, 250 F. Supp. 3d 497 (N.D. Cal. 2017).  It does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed necessary, denied.

73.     This paragraph contains Plaintiff's characterization of the litigation in *County of Santa Clara v. Trump*, 250 F. Supp. 3d 497 (N.D. Cal. 2017).  It does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed necessary, denied.

74.     This paragraph contains Plaintiff's characterization of the litigation in *County of Santa Clara v. Trump*, 275 F. Supp. 3d 1196, 1201 (N.D. Cal. 2017).  It does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed

necessary, denied.

75.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendants deny Plaintiff's characterization of *City and County of San Francisco v. Trump*, 897 F. 3d  1225, 1234 (9th Cir. 2018), and respectfully refer the Court to the opinion for a complete and accurate statement of its contents.

76.     Denied, except to admit that Defendants have refused Plaintiff's request to remove the three challenged conditions from its FY 2018 CGIC grant.

77.     The first sentence of this paragraph is denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph.

78.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## CAUSES OF ACTION

## COUNT ONE
### Ultra Vires Action

79.     Defendants incorporate by reference their responses to the preceding paragraphs.

80.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

81.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

82.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

83.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

84.     This paragraph contains conclusions of law, not allegations of fact, and thus no

response is required.  To the extent a response is deemed necessary, denied.

85.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

86.     The first sentence of this paragraph and the accompanying footnote 8 consist of Plaintiff's characterization of several congressional bills.  Defendants reject Plaintiff's characterization of these bills and respectfully refer the Court to the bills themselves for a complete and accurate statement of their contents.  The remainder of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

87.     Denied.

88.     Denied.

## COUNT TWO
### Separation of Powers

89.     Defendants incorporate by reference their responses to the preceding paragraphs.

90.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

91.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

92.     Denied.

**A. The Immigration Conditions are ambiguous and without explanation.**

93.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

94.     Denied.

95.     Denied.

**B. Defendants lack any authority to impose these Immigration Conditions.**

96.    The first two sentences of these paragraph are denied.   The remainder of this paragraph and the accompanying footnote 9 contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

97.    This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

98.    Denied.

**C. Relief**

99.    Denied.

**COUNT THREE**
**Administrative Procedure Act**

100.    Defendants incorporate by reference their responses to the preceding paragraphs.

101.    Denied.

102.    The first two sentences of this paragraph are denied.  The third sentence is denied, except to admit that the Department began placing immigration-related conditions on grants to state and local law enforcement agencies in 2016.

103.    Denied.

104.    Denied.

**COUNT FOUR**
**Spending Clause**

105.    Defendants incorporate by reference their responses to the preceding paragraphs.

106.    Denied.

107.    Denied.

**A. The Immigration conditions are not related to the purpose of the CGIC funds.**

108.    This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

14

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

**B. The Immigration Conditions are unconstitutionally ambiguous.**

114. The first sentence of this paragraph is denied. The second sentence contains a conclusion of law, not allegations of fact, and thus no response is required.

115. Denied.

**C. The Immigration Conditions are unconstitutionally coercive.**

116. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

117. Denied.

118. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

119. Denied.

**D. Relief**

120. Denied.

**COUNT FIVE**
**Tenth Amendment: Commandeering**

121. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

122. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required. The second sentence of this paragraph is denied.

123. Denied.

124.   Denied.

125.   This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of 8 U.S.C. § 1373, which speaks for itself, and respectfully refer the Court to 8 U.S.C. § 1373 for a complete and accurate statement of its contents.

126.   Denied.

127.   Denied.

128.   Denied.

**PRAYER FOR RELIEF**

The remaining paragraphs of the complaint contain a prayer for relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief and further aver that Plaintiff are not entitled to the requested relief or any relief from Defendants.

Defendants deny any and all allegations in the complaint not expressly admitted herein to which a response is deemed required.

Dated:  July 6, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Joseph J. DeMott*
JOSEPH J. DEMOTT
Trial Attorney (Va. Bar No. 93981)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3367
Fax: (202) 616-8470

16

Email: joseph.demott@usdoj.gov

*Counsel for Defendants*