IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF ALBUQUERQUE,

    Plaintiff,

vs.                                                          Civ. No. 20-0371 KG/KK

MERRICK B. GARLAND, in his official capacity as
Attorney General of the United States, and the U.S.
DEPARTMENT OF JUSTICE,

    Defendants.

MEMORANDUM OPINION AND ORDER

The question before the Court is whether the Department of Justice (DOJ) acted in bad faith and "entirely without color" during this litigation, that is, when it defended the imposition of immigration-related conditions on the City of Albuquerque's (City) Fiscal Year 2018 Criminal Gun Intelligence Center (CGIC) grant. If DOJ acted in bad faith, the Court must determine whether a punitive award of attorney's fees against DOJ, as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412(b) (EAJA), is appropriate. In order to award punitive fees, the law of this circuit mandates this Court find both subjective bad faith *and* that that DOJ's arguments and positions were "entirely without color." The Court agrees that DOJ's conduct with respect to imposing immigration-related conditions on the CGIC funds after the grant application deadline was undertaken in bad faith or for improper purpose. DOJ withheld needed funds from the City and defended those conditions even after a majority of courts found the conditions unlawful. Even so, the Court concludes that DOJ's position was not "entirely without color." For this reason, the Court denies the City's Motion for Award of Attorney Fees (Doc. 47).

The Court previously granted the City's Motion for Preliminary Injunction (Doc. 13) by Memorandum Opinion and Order dated January 28, 2021. (Doc. 42). The Court determined that

the City sought a disfavored preliminary injunction that required satisfaction of "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors." *Id.* at 10 (quoting *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019). The Court found that the City had satisfied this heavy burden and granted a preliminary injunction that required the DOJ to release the 2018 CGIC grant funds without the immigration-related conditions. In so finding, the Court agreed that DOJ had "gone beyond what Congress has permitted [them] to do. . . ." *Id.* at 24 (quoting *City of Arlington, Tex. V. F.C.C.*, 569 U.S. 290, 298 (2013)).

Nearly five months after the Court entered its preliminary injunction, the parties filed a Stipulation and Joint Motion to Dismiss on May 17, 2021. (Doc. 44). In that document, the parties stipulated that the Defendants had complied with the preliminary injunction; that DOJ "announced that it will no longer implement or enforce certain requirements placed on awards that were previously made or offered," including the immigration-related conditions in this case; and that the controversy between the parties is now moot. *Id.* (quotation omitted). The parties further stipulated to dissolution of the preliminary injunction. *Id.* The Court accepted the stipulation, dissolved the preliminary injunction, and dismissed the case with prejudice, except for the issue of attorney fees. (Doc. 45). The City timely filed its Motion for Attorney Fees (Doc. 47), which is now fully and timely briefed (Docs. 49 and 51).

Under the "American Rule," "the prevailing party in civil litigation may not collect attorney fees from the loser." *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (quoting *United States v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000)). "In certain rare circumstances, however, an exception to this rule is applied when a party opponent is found to have acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *McCall*,

235 F.3d at 1216). This "bad faith exception" to the standard American Rule applies to the Government through EAJA, 28 U.S.C. § 2412(b), "which states that the United States is liable for attorney fees 'to the same extent that any other party would be liable under the common law.'" *Id.* (quoting 28 U.S.C. § 2412(b)). The exception is "exceedingly narrow," and requires "clear evidence that the challenged claim 'is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Id.* (emphasis in original) (quoting *F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005)). "Because a fee award under § 2412(b) is punitive, it 'requires more than a showing of a weak or legally inadequate case,' and is only appropriate 'in exceptional cases and for dominating reasons of justice.'" *Id.* (quoting *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1488 (10th Cir. 1984)).

Unlike other circuits, application of the bad faith exception in the Tenth Circuit "turns on the party's subjective bad faith." *Id.* (citing *Sterling Energy Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984)); *Kornfeld v. Kornfeld*, 393 Fed. Appx. 575, 579-80 (10th Cir. 2010) (same); *see also Maxfield v. Henderson*, Case No. 4:19-cv-00106-DN, 2021 WL 3667261, at *3 (Aug. 18, 2021) (same); *but see City of Chicago v. Garland*, Case No. 18 C 6859, 2021 WL 1676387, at *2 (N.D. Ill. Apr. 28, 2021) (citing *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006), for proposition that objective bad faith may warrant fee awards in the Seventh Circuit within context of 28 U.S.C. § 1927).

Furthermore, in this circuit, a fee award is inappropriate "where the wrongful conduct consists solely of prelitigation bad faith acts." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 769 (10th Cir. 1997); *Maxfield*, 2021 WL 3667261, at *4 (quoting same); *see also Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317-18 (10th Cir. 2000) (discussing same), *overruled*

3

*on other grounds by TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

The Court must determine, first, whether DOJ's position had "a complete lack of color," and second, whether DOJ acted with "an improper purpose." *Kuykendall*, 466 F.3d at 1153. While the Court agrees that DOJ acted with an improper purpose and ultimately exceeded its authority in imposing the immigration-related conditions, the Court must find that DOJ's position was not entirely without color.

In granting the preliminary injunction, the Court agreed with the Seventh Circuit and the Third Circuit that DOJ exceeded its authority when it imposed immigration-relation conditions on the CGIC grant. (Doc. 42) at 19-24. However, the Court expressly noted that it declined "to follow the minority position in *State of New York [v. Dep't of Justice*, 951 F.3d 84 (2d Cir. 2020)]." *Id.* at 24 n.7. Put another way, the Court acknowledged that while the great weight of authority from courts to consider DOJ's authority to impose the immigration-related conditions suggested that DOJ lacked that authority, the Second Circuit expressly found otherwise. Moreover, the parties agree that the Tenth Circuit has never addressed this issue.

The existence of the Second Circuit case, though a minority position rejected by this Court, is dispositive of the attorney fees question under *Kuykendall*. Given the lack of Tenth Circuit law on point, the Second Circuit case supporting DOJ's position imbued that position with at least some "color," such that the Court cannot find it entirely lacked color. Notably, the Second Circuit addressed the same arguments and issues, including the applicability of 34 U.S.C. § 10228.

Because DOJ's position was not "entirely without color," as required by *Kuykendall*, the Court denies the City's Motion for Attorney Fees under 28 U.S.C. § 2412(b). In doing so, the

Court notes that if Tenth Circuit law allowed imposition of attorney fees based solely on the subjective bad faith, that is, improper purpose, of a litigant, the outcome of this Motion may well be different.

The City's Motion for Attorney Fees (Doc. 47) is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE